·   COWAN

*v.*

NATIONAL MUT. BUILDING & LOAN ASS'N.

(*Supreme Court of Appeals of Virginia, June 22, 1899.*)

[33 S. E. Rep. 553.]

**Foreign Building and Loan Association—Virginia Stockholder—Charge of Premiums for Loan.***

A Virginia stockholder in a building and loan association, organized under the laws of New York, who has made a loan from it, is chargeable with premiums for the loan, which the statutes of New York expressly authorize and declare shall not be deemed a violation of any statute against usury.

Appeal from circuit court, Washington county.

Bill by Margaret A. Cowan against the National Mutual Building & Loan Association. From a decree in favor of defendant, plaintiff appeals. Affirmed.

*A. H. Blanchard* and *J. S. Ashworth*, for appellant.

*Rhea & Peters*, for appellee.

HARRISON, J., delivered the opinion of the court.

On the 23d day of May, 1892, Margaret A. Cowan conveyed a certain house and lot to George J. Peet, trustee, to secure a

---

*See monographic note on "Building and Loan Associations" appended to White *v*. Mechanics' Building Fund Ass'n, 22 Gratt. 233 (Va. Rep. Anno.).

bond executed by her to the National Mutual Building & Loan Association of New York.   The bill in this case is filed by Margaret A. Cowan, and her prayer is that an injunction be granted to restrain the trustee and the association from selling the house and lot, and from otherwise attempting to collect the amount due on the bond secured by the deed of trust, and that the said bond and deed of trust be declared void, and the cloud thereof removed from her title.   The complainant then asks, in case she is not entitled to the relief already prayed for, that the transaction may be declared usurious and void, except as to the amount of principal due, after allowing credit for all sums which have been paid thereon by her.

As ground for the relief asked, the bill alleges that the complainant was induced to enter into the contract by the following representations made to her by the association, all of which she declares were untrue :

First, that the association was duly incorporated under the laws of New York.

Second, that it was authorized, under the laws of New York, to take subscriptions to its stock, and grant or make loans of its funds to its members.

Third, that complainant could lawfully become a stockholder in the association and become a borrower of its funds.

Fourth, that it was authorized to do business in this state under and by virtue of having complied with the laws thereof.

Fifth, that the rate of interest on her loan should not exceed 6 per centum per annum.

Sixth, that it had an authorized capital of $50,000,000.

As a further ground in support of her prayer that the contract should be canceled, complainant alleges that, being a married woman, "the association knew that she could neither

take nor hold stock, unless the cost thereof should be defrayed from her personal earnings, or from the personal earnings of her children, voluntarily bestowed for the purpose, or from the property bequeathed or given to her by persons other than her husband, and that the association further knew that she had no other source of revenue than from her husband, and that, as she had no other source of means except what she gets from her husband, she is entitled to have said contract canceled."

The complainant has not adduced a word of evidence in support of an allegation of the bill, except in respect to the rate of interest charged, but has contented herself with technical objections to the proof offered by the company in support of its legal organization and right to do the business of a building and loan association under the laws of the state of New York, and its lawful right to do business in the state of Virginia. These objections were all overruled by the lower court, and the cause referred to a commissioner, to ascertain the true amount due from complainant under her contract.

Upon the filing of this report but two exceptions were taken thereto on behalf of complainant, viz. :

First, because it is not supported by, but is contrary to, the evidence and the law.

Second, because the commissioner has charged complainant with $145 of premium from July, 1894, to December 1, 1896, during which time she had no stock, and could receive no benefit from said premium payments.

The first exception is addressed to no specified error in the report, and was too vague and indefinite to be considered.

The second exception was also properly overruled. The appellee association was organized under and by virtue of the statute law of the state of New York, which expressly authorizes the association to make all the charges of interest, pre-

miums, dues, etc., that it has made in this case, and expressly declares that the imposition of fines for nonpayment of dues or fees, or other violation of the articles of association, nor the making of the monthly payment required by the articles of association, or of any premium for loans made to members, shall not be deemed to be a violation of the provisions of any statute against usury.

It does not appear that the association has ever declared appellant's stock forfeited, but she had voluntarily ceased to pay, and has sought to be relieved from her contract, and in ascertaining the amount due from her she has been credited by the withdrawal value of her stock.

There is no error in the decree appealed from, and it is affirmed.

RIELY, J., absent.